J-A06009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :         PENNSYLVANIA
                                         :
           v.                        :
                                         :
                                         :
JOSHUA WEST                     :
                                         :
           Appellant             :    No. 721 MDA 2018

Appeal from the Judgment of Sentence March 26, 2018
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0005204-2016

BEFORE:   OTT, J., NICHOLS, J., and PELLEGRINI[*], J.

MEMORANDUM BY OTT, J.:                         **FILED JULY 02, 2019**

Joshua West appeals from the judgment of sentence imposed on March 26, 2018.  On January 10, 2018, a jury found West guilty of one count of involuntary deviate sexual intercourse, two counts of aggravated sexual assault, and one count of sexual assault.[1]  The trial court sentenced West to serve an aggregate term of 4 to 8 years' imprisonment.  On appeal, West challenges the denial of his motion for a mistrial.  Based upon the following, we affirm.

As the parties are well acquainted with the facts and procedural history of this case, we do not restate them.  We briefly note that, in mid-February

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123(a)(3), 3125(a)(1), 3125(a)(4), and 3124.1, respectively.

2016, West, a close brother-like friend of the victim, was spending the weekend at her apartment in Lancaster, Pennsylvania. As the apartment was crowded, the two shared a bed. Nothing happened the first two nights. At approximately 8:00 a.m., Monday morning, the victim woke up to find that West had removed her shorts and was penetrating her vagina with his tongue and fingers. On the day of the assault, and in the following days, the victim reported the assault to several people, some of whom testified at trial. Moreover, she texted West, and, in a series of texts, he admitted to the assault, apologized, but claimed that he was not aware that she was sleeping and believed she had consented to the sexual contact.

Following the Commonwealth's closing argument, on January 9, 2018, West moved for a mistrial, claiming prosecutorial misconduct. N.T. Trial, 1/09/2018, at 249. The trial court denied the motion but offered to give a cautionary instruction. *Id.* at 251. The trial court then gave the instruction. *See id.* at 253. When asked, defense counsel did not have any objections to the court's instruction and did not seek any additional relief. *Id.* at 274.

As noted above, on January 10, 2018, the jury found West guilty of the aforementioned charges and the trial court sentenced him on March 26, 2018. The instant, timely appeal followed.[2]

---

[2] On May 15, 2018, in response to the trial court's order, West filed a concise statement of errors complained of on appeal. On August 9, 2018, the trial court issued an opinion.

In his only claim, West contends that the trial court erred in denying his motion for a mistrial, made twice during closing arguments. We disagree.

Our standard of review is as follows:

We review the trial court's decision to deny a mistrial for an abuse of discretion. A mistrial is necessary only when the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. A mistrial is inappropriate where cautionary instructions are sufficient to overcome any potential prejudice.

*Commonwealth v. Bedford*, 50 A.3d 707, 712–713 (Pa. Super. 2012) (citations and internal quotation marks omitted), *appeal denied*, 57 A.3d 65 (Pa. 2012).

Moreover,

[t]he legal principles relevant to a claim of prosecutorial misconduct are well established.

> Comments by a prosecutor constitute reversible error only where their unavoidable effect is to prejudice the jury, forming in [the jurors'] minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict.

While it is improper for a prosecutor to offer any personal opinion as to the guilt of the defendant or the credibility of the witnesses, it is entirely proper for the prosecutor to summarize the evidence presented, to offer reasonable deductions and inferences from the evidence, and to argue that the evidence establishes the defendant's guilt. In addition, the prosecutor must be allowed to respond to defense counsel's arguments, and any challenged statement must be viewed not in isolation, but in the context in which it was offered. [The] prosecutor must be free to present

his or her arguments with logical force and vigor, and comments representing mere oratorical flair are not objectionable.

***Commonwealth v. Thomas***, 54 A.3d 332, 337–338 (Pa. 2012) (citations and internal quotation marks omitted), *cert. denied*, 571 U.S. 868 (2013).

Here, the record reveals the following occurred during the Commonwealth's closing argument:

> Let's talk about consent. Again, the first thing I talked to you about was this idea of consent. I asked you to use your common sense and life's experience. One way to think about consent is, is there a willingness to engage in this act and is there an expression of that willingness somehow?

> If you remember when I said, I said here's an example of consent: I want this to happen to my body. It's interesting, the focal point of the defendant's opening remarks was about this idea of consent. This idea of blurred lines, this idea, well, this is what college kids get up to. If you remember, he actually said, whenever have you heard, you, when have you ever heard somebody say, I want this to happen to my body.

> I don't know where he's hearing things from. **I was born and raised here and I live here, which all of you do. I work here.** I do every day, most of my nights, child protection and sexual assaults. I was raised to understand that it's not ridiculous that a female, a woman tells you, expresses what they want to happen to their body. It's not ridiculous at all. I was raised to respect what a female says, what their wishes are.

> What I would submit to you as a member of this community and using your life experiences, what is ridiculous is that he sees these signs and waits until someone is asleep, and then decides you are going to do what you want to them when they're asleep. That is not how consent works.

> \* \* \* \*

> Not once did you hear anybody get up here and say, no, she told me a different version of that sexual assault, that is not what she said. No inconsistencies about the story. You remember how

- 4 -

many people she told you she told and you heard from some of them.

Consistent statements. **Now, I can't always give you every single time she was consistent. You did hear from some of these people.** You heard from Honoria, who she told right afterwards. You heard from both police officers involved in the case, who she told approximately six days and ten days after this occurred. It was the exact same sorry [sic] she told you.

N.T. Trial, 1/09/2018, at 237-238, 245 (emphases added).

During his opening argument, defense counsel made remarks to the effect that, under current community mores, it was not reasonable to expect verbal consent and that consent by body language was sufficient. *See* N.T. Trial, 1/08/2018, at 67-68. With respect to the first statement, that the prosecutor resided in the same community as the jury, the trial court found it to be a fair response to the argument made by defense counsel in his opening. *See* Trial Court Opinion, 8/09/2018, at 4-5.

With respect to the second statement about not being able to present all of the witnesses to whom the victim told of the assault, the trial court found that the statement "may have been irrelevant" but did not deprive West of a fair trial. Trial Ct. Op., at 5. Our review of the record demonstrates that it was an appropriate commentary on the evidence presented at trial. During her testimony, the victim listed the names of many people that she told about the assault; however, the Commonwealth did not present all of them as witnesses. *See* N.T. Trial, 1/09/2018, at 94-96, 129-194.

Thus, based upon our review, we agree with the trial court's determinations. The "Commonwealth is entitled to comment during closing arguments on matters that might otherwise be objectionable or even outright misconduct, where such comments constitute fair response to matters raised by the defense, or where they are merely responsive to actual evidence admitted during a trial." ***Commonwealth v. Culver***, 51 A.3d 866, 876 (Pa. Super. 2012). Viewing the prosecutor's comments in context, they were either in response to matters raised by the defense in its opening as to community standards regarding consent and/or fair comments on the evidence presented at trial. Therefore, we conclude the prosecutor's remarks during closing arguments did not so prejudice the jury that they could not weigh the evidence objectively. ***See Bedford***, ***supra*** at 712-713.

Furthermore, our Supreme Court has stated "a mistrial is not necessary where the [trial court's] cautionary instructions are adequate to overcome any possible prejudice." ***Commonwealth v. Rega***, 933 A.2d 997, 1016 (Pa. 2007) (citation omitted), *cert. denied*, 552 U.S. 1316 (2008). The "law presumes that the jury will follow the instructions of the court." ***Commonwealth v. Miller***, 819 A.2d 504, 513 (Pa. 2002), *cert. denied*, 540 U.S. 827 (2003). Our Supreme Court has also indicated that a party's failure to object to an instruction, or seek further instructions, "indicate[s] his satisfaction with the instruction." ***Commonwealth v. Jones***, 668 A.2d 491, 504 (Pa. 1995), *cert. denied*, 519 U.S. 826 (1996).

Here, West requested and a received a cautionary instruction.[3] N.T. Trial, 1/09/2018, at 253-254. When asked, defense counsel did not object or offer any additions to the instructions. *Id.* at 278. Thus, West by his conduct demonstrated that he was satisfied with the instruction. *Jones*, *supra* at 504. West's claim that the trial court erred by denying his motion for a mistrial fails. *See Rega*, *supra* at 1016; *Bedford*, *supra* at 712-713.

For all the foregoing reasons, we affirm West's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2019

---

[3] While the record is not entirely clear, it appears that either defense counsel or counsel for both parties drafted the instructions. N.T. Trial, 1/09/2018, at 253.